IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JESSE A. WILLNOW,

                Plaintiff,

v.

BEN TIERNEY,

                Defendant.

OPINION and ORDER

22-cv-128-jdp

---

Plaintiff Jesse A. Willnow, appearing pro se, is a prisoner at Wisconsin Secure Program Facility. Willnow alleged that defendant Ben Tierney, a sergeant at the prison, failed to prevent him from attempting to hang himself. I granted Tierney's motion for summary judgment because Willnow failed to show that his vague warnings of self-harm were enough to alert Tierney to a substantial risk that he would imminently attempt suicide, and because Tierney adequately responded once he learned that Willnow was harming himself. Dkt. 48.

Willnow has filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Dkt. 53. Relief under Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). A Rule 59(e) motion is successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact; or (2) that newly discovered evidence precludes entry of judgment. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013).

Willnow's motion does not meet these standards. I take Willnow to be contending that I committed a manifest error of law by concluding that Tierney didn't violate the Eighth Amendment when he failed to respond to Willnow's initial vague statements about having "bad thoughts" of self-harm. *See* Dkt. 48 at 7 (citing *Wright v. Funk*, 853 F. App'x 22, 24 (7th

Cir. 2021) ("[N]o reasonable jury could find that [prison staff] knew of a substantial risk of suicide based on [prisoner's] statements that he was having suicidal thoughts and would like to speak with someone from the psychological services unit."), and *Johnson v. Garant*, 786 F. App'x 609, 610 (7th Cir. 2019) ("[A] reasonable jury could not find that the defendants knew of a substantial risk of suicide based only on Johnson's statements that he felt suicidal and wanted to speak to a crisis counselor.")).

Willnow states that I ruled the opposite way in *LaBrec v. Meeker*, 345 F. Supp. 3d 1040, 1042 (W.D. Wis. 2018), a self-harm case in which I rejected defendants' argument that "they cannot be held liable if they did not know the particular way that LaBrec intended to harm himself," stating that "'the vague nature of [a] complaint [may make] it even more incumbent on [a correctional officer] to investigate further.'" (quoting *Velez v. Johnson,* 395 F.3d 732, 736 (7th Cir. 2005)).[1] But my rulings in Willnow's case and LaBrec's do not contradict each other: a key question in both cases was whether a defendant knew of a strong likelihood that the prisoner would seriously harm himself in the near future. That question depends on all of the facts known to the defendant at the relevant time; a vague request for help must be taken in context with everything else known to the defendant. In *LaBrec*, I ruled that the prisoner's failure to tell defendants the *precise* method by which he intended to harm himself was immaterial given the other facts, including that LaBrec had a long history of self-harm, that he repeatedly told officials that he would kill himself soon or that he was already doing so, and that staff confiscated a noose that he had fashioned out of a towel. *LaBrec v. Meeker*, 345 F. Supp. 3d at 1042.

---

[1] Defendants incorrectly argue that *LaBrec* wasn't a self-harm case, mistakenly referring to another of LaBrec's cases that was not about self-harm.

In contrast, in this case defendant Tierney had no knowledge of any history of self-harm by Willnow, and Willnow made no comment about harming himself imminently, making his case much closer to those like *Wright* and *Johnson* in which the court of appeals concluded that vague statements about suicidal thoughts alone were not enough to put prison officials on notice of a substantial risk of harm. And in any event, any failure to respond to Willnow's early vague statements of suicidal thoughts didn't directly lead to Willnow harming himself: he did so only after Tierney responded to Willnow's further statements by sending an officer to his cell. Willnow indeed harmed himself after that officer left his cell, but the evidence shows that Tierney attempted to prevent that harm, not that he consciously disregarded it. I will deny Willnow's Rule 59 motion.

ORDER

IT IS ORDERED that plaintiff Jesse A. Willnow's motion to alter or amend the judgment, Dkt. 53, is DENIED.

Entered November 14, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge